BLD-039                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1788
_____

ZENG GUAN CHEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A029-813-857)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 18, 2010
Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 01, 2010)

_____

OPINION
_____

PER CURIAM

    Petitioner Zeng Guan Chen seeks review of a final order of removal of the Board

of Immigration Appeals ("BIA").  The Attorney General has moved for summary action.

1

Because the appeal presents no substantial question, we will grant the motion and summarily dismiss in part and deny in part the petition for review.

Chen, a native and citizen of China, arrived in the United States in 1990. In 1999, he was placed into removal proceedings, and applied for asylum, withholding of removal, and relief under the Convention Against Torture. In December 2000, the Immigration Judge ("IJ") denied his applications for relief and ordered him removed to China. Chen did not appeal the IJ's decision at that time.

Meanwhile, in 1995, Chen's brother filed an I-130 petition on his behalf. The I-130 petition was approved in February 2002 and Chen's priority date became current in December 2006. Chen then filed an I-485 Application to Register Permanent Residence or Adjust Status. After his I-485 application was filed, Chen sought to reopen his removal proceedings by filing a motion with the IJ on March 18, 2008. The IJ denied the motion as untimely and held that Chen had not demonstrated that sua sponte reopening was warranted under the circumstances.

Chen appealed to the BIA. On appeal, he argued that the IJ failed to sufficiently explain his rationale for denying sua sponte reopening, and failed to weigh the factors in favor of reopening -- Chen's lack of a criminal record, his history of paying taxes, and his ownership of a business. Chen also argued that his motion to reopen was not eight years late because he could not have applied for permanent residence until his priority date became current in December 2006 and, therefore, sought to reopen as soon as practicable.

The BIA dismissed Chen's appeal on March 5, 2010. The BIA held that the IJ had

provided sufficient reasoning to allow it to review his decision. Furthermore, applying de novo review to both bases for the IJ's denial -- that the motion was untimely and that Chen's situation did not warrant a favorable exercise of discretion -- the BIA held that it would have reached the same conclusions based on the evidence presented by Chen in support of his motion. See 8 C.F.R. § 1003.1(d)(3)(ii) (other than factual findings made by IJ, BIA reviews all issues de novo). The BIA also declined to exercise its own discretion to sua sponte reopen Chen's proceedings.

We have jurisdiction over part of this petition for review pursuant to 8 U.S.C. § 1252. When the BIA issues its own decision, we review the decision of the BIA, not the IJ. See Kaplun v. Attorney Gen., 602 F.3d 260, 265 (3d Cir. 2010). We review the BIA's determination that the motion to reopen was untimely filed, and did not meet any of the exceptions to the time limit, for an abuse of discretion. See Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). However, we lack jurisdiction over the BIA's determination that Chen did not demonstrate the existence of circumstances exceptional enough to warrant sua sponte reopening. See Cruz v. Attorney General, 452 F.3d 240, 249 (3d Cir. 2006) (explaining that alien must show exceptional circumstances to justify sua sponte reopening but BIA may deny motion even if such circumstances are proven, and this Court lacks jurisdiction to review that decision).

Upon a review of the record, we conclude that the BIA did not abuse its discretion in affirming the IJ's denial of Chen's motion to reopen as untimely. A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of

3

removal, except under limited circumstances not present here.  See 8 U.S.C.

§ 1229a(c)(7)(C); 8 C.F.R. § 1003.23(b)(1).  While Chen argued to the BIA that his

motion was not untimely because he could not seek to adjust his status until his priority

date became current in 2006, he seems to have abandoned that argument here.  Instead,

he argues that, in denying his motion to reopen sua sponte, the BIA failed to

acknowledge or consider the fact that he could not have sought to adjust his status any

earlier.  Additionally, he maintains that the BIA did not explain why his case was not

compelling enough to justify the favorable exercise of its discretion.  He contends that,

because the BIA failed to sufficiently justify its actions, this Court is unable to review its

decision and should therefore remand for a more thorough explanation.  All of Chen's

arguments miss the fact that we lack jurisdiction to review the BIA's decision in the first

place.  As we have explained, because "'the decision of the BIA whether to invoke its sua

sponte authority is committed to its unfettered discretion,'" we lack the authority to

review the decision at all.[1]  See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3d Cir.

2003) (citation omitted).  In contrast to Cruz, where we could not discern whether the

BIA was relying on its sua sponte authority in denying relief, see 452 F.3d at 250, here

the BIA clearly concluded that "the circumstances presented by the respondent do not

warrant the exercise of our limited discretion to reopen sua sponte."

---

[1] While we have recognized the possibility of an exception to this rule where "the
BIA has restricted the exercise of its discretion by establishing a 'general policy'
of reopening sua sponte" under certain circumstances, Cruz, 452 F.3d at 249, Chen
makes no such argument here.

4

Based on the foregoing, we conclude that this petition for review presents no substantial question and, therefore, will summarily deny in part and dismiss in part the petition for review.  <u>See</u> 3d Cir. LAR 27.4 & I.O.P. 10.6.